

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MOISES JIMENEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:19-CV-221-Z-BR |
| | § | (criminal no. 2:16-CR-083-Z-BR) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## ORDER GRANTING MOTION TO VACATE, GRANTING MOTION TO SET ASIDE JUDGMENT IN A CRIMINAL CASE, AND ORDER REOPENING CRIMINAL CASE

Before the Court are the findings, conclusions, and recommendation of the United States Magistrate Judge to grant the Motion to Vacate filed by Petitioner in this case. (ECF No. 71), and the Agreed Motion to Set Aside Judgment in a Criminal Case ("Motion to Set Aside Judgment") (ECF No. 76). Rather than filing objections to the findings, conclusions, and recommendation, parties filed an Agreed Motion to Set Aside Judgment to adopt the conclusions of the Magistrate Judge without accepting all the reasoning contained within the findings, conclusions, and recommendations, asking this Court to grant Petitioner's Motion to Vacate and reopen criminal proceedings.

This Court recognizes its duty to make an independent determination on the merits of the Motion to Vacate, and the propriety of granting relief. After making an independent review of the pleadings, files, records, and Motion to Set Aside Judgment in this case, the Court concludes that there is sufficient basis to find that, pursuant to the *Strickland* standards, Petitioner's trial counsel, Mr. Spriggs, was ineffective at the critical plea stage of proceedings, resulting in prejudice to the Petitioner. The appropriate remedy, as set forth in the findings, conclusions, and recommendation

of the Magistrate Judge, is to require the Respondent to re-offer the Plea Agreement. However, Respondent has already offered such agreement and Petitioner has accepted it. *See* ECF Nos. 76-1, 76-2, and 76-3. It is therefore **ORDERED** that the Motion to Vacate is **GRANTED**, the criminal case (2:16-CR-083-Z-BR) is **REOPENED** and **REFERRED** to the Magistrate Judge to schedule a Change of Plea Hearing.

**The Clerk shall file ECF Nos. 76-1, 76-2, and 76-3 as documents in the underlying criminal case (2:16-CR-083-Z-BR), along with a copy of this Order, and this Order shall act as a referral for the Change of Plea Hearing to the Magistrate Judge.**

Once the plea proceedings are concluded before the Magistrate Judge, this Court will issue a new Sentencing Scheduling Order. The Agreed Motion to Set Aside Judgment is **GRANTED**. Based on the Motion to Set Aside Judgment, and its stipulations, the Court determines that the accepted Plea Agreement renders a new criminal trial unnecessary after the Change of Plea Hearing. If Petitioner does not proceed with a plea on this agreement, the Respondent is free to fully prosecute Petitioner for all crimes as original charged and seek all appropriate penalties.

**The United States Marshal's Office is ORDERED to have inmate petitioner MOISES JIMENEZ, BOP Inmate # 55165-177, now in the custody of the Bureau of Prisons, transported to the Randall County Jail in Amarillo, Texas for a continued criminal proceedings by Monday, March 27, at 5:00 p.m. CST. The Clerk shall serve a copy of this Order on the United States Marshal's Office.**

The Court determines that Petitioner has reserved the right to argue at a resentencing hearing that the Court should impose a sentence equivalent to what he likely would have received in the earlier proceedings in the absence of deficient performance, and that doing so is necessary to provide a full and adequate remedy for his prior attorney's deficient performance. The

Government has reserved the right to dispute this remedial argument at the re-sentencing hearing. The Court retains the authority and discretion to decide that question at a re-sentencing hearing, and nothing compels any ruling on that question or bars either side from taking any position.

**IT SO ORDERED.**

March 6, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE